**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 11 2000**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

JEFFREY A. COLLIER,

       Plaintiff-Appellant,

v.

MICHAEL A. NELSON,

       Defendant-Appellee.

No. 00-3137
(D.C. No. 00-CV-3044-GTV)
(Kansas)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, Chief Judge, **EBEL**, and **BRISCOE**, Circuit Judges.

Jeffrey Collier, a pro se state prisoner, brought this action under 42 U.S.C.

§ 1983 alleging that his due process rights were denied when prison officials

refused to provide him with conduct guidelines used to assess whether an inmate

may be returned from administrative segregation to the general prison population.

---

*After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The district court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which authorizes the dismissal of a case prior to service of process if the court determines that the action fails to state a claim upon which relief can be granted. Mr. Collier appeals and we affirm.[1]

In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court concluded that because prison discipline "falls within the expected perimeters of the sentence imposed by a court of law," *id.* at 485, disciplinary placement in segregated confinement does not itself necessarily implicate constitutional liberty interests. *Id.* at 486. Instead, the Court held that such placement only gives rise to a liberty interest protected by the Due Process Clause when it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. In determining that the confinement at issue in that case did not meet this standard,

> the Court carefully examined the specific conditions of the prisoner's confinement. The Court determined that the prisoner's conditions essentially "mirrored those conditions imposed upon inmates in administrative segregation and protective custody," so the prisoner's "confinement did not exceed similar, but totally discretionary, confinement in either duration or degree of restriction."

*Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 808-09 (10th Cir. 1999) (quoting *Sandin*, 515 U.S. at 486).

---

[1]Mr. Collier's request for appointment of counsel is denied.

Mr. Collier has alleged no facts showing that his confinement in administrative segregation presented the type of atypical, significant deprivation that would implicate a liberty interest. Because he therefore has no constitutionally protected interest in avoiding that confinement, he has no constitutional cognizable claim to guidelines regulating it.

We **AFFIRM** the judgment of the district court.[2]

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge

---

[2]Mr. Collier is reminded that he must continue making payments on the fee for his appeal until the entire fee has been paid.